IN THE MATTER OF THE PETITION
OF ESTATE OF MICHAEL H. POLASKI,

        Petitioner.

Case No. 24-cv-1670-pp

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS TO APPROVE *AD INTERIM* STIPULATION OF VALUE, STIPULATION FOR COSTS, AND *AD INTERIM* SECURITY AND FOR MONITION AND INJUNCTION (DKT. NOS. 3, 5)**

On December 30, 2024, the petitioner filed a petition for exoneration from or limitation of liability arising out of a June 2024 collision between the petitioner's vessel and another boat on Lake Michigan. Dkt. No. 1. The petitioner also filed a motion asking the court to approve an *ad interim* stipulation of value, stipulation for costs and *ad interim* security; to issue a monition directing all potential claimants to join this action; and to issue an injunction staying prosecution of any claim arising from, or related to, the incident. Dkt. No. 3. On March 26, 2025, the petitioner filed a renewed motion seeking the same relief. Dkt. No. 5. The court will deny the petitioner's motions without prejudice.

**I.    Background**

The petition is brought by the estate of Michael H. Polaski, who passed away on September 10, 2023 and was the owner of the 20.8-foot 2019 Alumacraft Trophy 205 BRS vessel bearing Hull Identification No. ACBJ4775F919. Dkt. No. 1 at ¶¶1–2. The petitioner alleges that on June 23, 2024, the vessel was involved in a maritime incident with another boat on Lake Michigan near Racine, Wisconsin. Id. at ¶¶3–4. The petitioner states that

several passengers on the second vessel have filed a claim against the petitioner for personal injuries arising out of the incident. Id. at ¶14. On December 30, 2024, the petitioner filed its petition under the Limitation of Liability Act, 46 U.S.C. §30501, *et seq.* Id. at ¶22. The petitioner asserts that it filed its petition within six months of receipt of a written claim for damages arising out of the incident. Id. at ¶16.

The petitioner also filed an *Ad Interim* Stipulation of Value as security for any claims resulting from the incident. Dkt. No. 2. In that filing, the petitioner represents that the vessel was valued at $84,772.70 at the time of the incident. Id. at 2. In its pending motions, the petitioner requests that the court (1) approve its *ad interim* stipulation, (2) issue a monition directing all potential claimants to join in this action, and (3) issue an injunction staying prosecution of any claim related to the incident in any other forum. Dkt. Nos. 3 at 1; 5 at 1.

## II.    Analysis

The Limitation of Liability Act grants a vessel owner the right to limit its liability for damages or injuries arising from a maritime accident to the vessel's value or the owner's interest in the vessel, provided that the accident occurred without the owner's privity or knowledge. 46 U.S.C. §30505; Joyce v. Joyce, 975 F.2d 379, 383 (7th Cir. 1992). "A federal court has exclusive jurisdiction of claims under the Limitation Act." Roen Salvage Co. v. Sarter, 17 F.4th 761, 762 (7th Cir. 2021).

The Limitation Act and Supplemental Rule F of the Federal Rules of Civil Procedure govern the procedures for limitation actions. A vessel owner must file a petition in federal court no later than six months after receiving written notice of a claim. 46 U.S.C. §30529(a); Fed. R. Civ. P. Supp. R. F(1). The petitioner must deposit with the court "an amount equal to the value of the

owner's interest in the vessel and pending freight, or approved security." 46 U.S.C. §30529(b)(1)(A); Fed. R. Civ. P. Supp. R. F(1). A petitioner can satisfy this obligation in three ways: "1) physically surrendering the vessel and pending freight to a trustee; 2) depositing cash equal to the amount of the owner's interest in the vessel and pending freight with the court; or 3) posting approved security." In re Nat'l Maint. & Repair, Inc., Case No. 09-CV-671, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) (citing N.Y. Marine Managers, Inc. v. Helena Marine Serv., 758 F.2d 313, 317 (8th Cir.1985)). "[T]he posting of 'approved security' is by far the most common procedure." Id. (quoting In re Matter of Compania Naviera Marasia S.A., Atlantico, 466 F. Supp. 900, 901 (S.D.N.Y. 1979)). Once the petitioner complies with these requirements, the Limitations Act authorizes the court to stay all proceedings against the petitioner related to the matter in question and direct all potential claimants to file their claims against the owner in district court within a specified period of time. Fed. R. Civ. P. Supp. R. F(3), (4).

The petitioner asks the court to approve its *ad interim* stipulation for the value of its interest in the vessel as security. The petitioner states that it will,

> within fifteen (15) days after the entry of an order confirming the report of a Commissioner to be appointed to appraise the value of Petitioner's interest in the Vessel, if such an appraisal demanded by any claimant, Petitioner will pay into the registry of the Court said value of Petitioner's interest as thus ascertained, or file or cause to be filed in this action a further Letter of Undertaking, bond, or stipulation for value, or other form of security as ordered by the Court.

Dkt. No. 2 at 2. "[W]hen a shipowner submits an *ad interim* stipulation, the stipulation is 'a substitute for the vessel itself.'" In re Hollis B. Corp., Case No. CV 2016-14, 2016 WL 8732310, at *5 (D.V.I. Sept. 30, 2016) (quoting Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 218-19

3

(1927)). To qualify as an approved security, "an ad interim stipulation should provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust." Id. "At the very least, this should require a letter of undertaking executed by an appropriate surety." Id.; In re Nat'l Maint., 2009 WL 3579161, at *1 ("'Approved security' includes letters of undertaking, as 'it has been the practice for many years in the maritime industry to accept letters of undertaking given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'" (quoting Matter of Compania, 466 F. Supp. at 902)).

The petitioner's *ad interim* stipulation does not include a letter of undertaking guaranteeing the payment of any obligations that might arise. Although the petitioner states that it "*will* pay into the registry of the Court said value of Petitioner's interest as thus ascertained, or *file or cause to be filed* in this action a further Letter of Undertaking, bond, or stipulation for value," dkt. no. 2 at 2 (emphasis added), the stipulation as filed does not provide sufficient protection for claimants. The court cannot approve the stipulation until it is supported by the necessary security. See In re Petition of Paradise Fam., LLC, Case No. 24-cv-1161, 2024 WL 3012981, *3 (M.D. Fla. June 14, 2024) ("Courts have rejected *ad interim* stipulations that do not attach letters of undertaking, for fear that they do not provide sufficient security to potential claimants.").

The court will deny the petitioner's motions without prejudice. The court will allow the petitioner to file an amended stipulation that provides the security required by the Limitations Act and Supplemental Rule F. See Matter of Complaint of Carpe Diem 1969 LLC, Civil No. 2017-56, 2019 WL 332792 (D. V.I. Jan. 25, 2019) (approving amended *ad interim* stipulation that cured

4

deficiencies of failing to identify a surety or provide a letter of undertaking guaranteeing surety's payment).

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the petitioner's motions for approval of *ad interim* stipulation of value, stipulation for costs, and *ad interim* security and directing issuance of monition and injunction. Dkt. Nos. 3, 5.

The court **ORDERS** that the petitioner must file an amended stipulation that provides the security required by the Limitations Act and Supplemental Rule F (or a request additional time) by the end of the day on **June 13, 2025**.

Dated in Milwaukee, Wisconsin this 13th day of May, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**