UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF THE PETITION
OF ESTATE OF MICHAEL H. POLASKI,

           Petitioner.           Case No. 24-cv-1670-pp

**ORDER GRANTING PETITIONER'S AMENDED MOTION TO APPROVE *AD INTERIM* STIPULATION OF VALUE, STIPULATION FOR COSTS AND *AD INTERIM* SECURITY AND FOR MONITION AND INJUNCTION (DKT. NO. 8)**

      On December 30, 2024, the petitioner filed a petition for exoneration from or limitation of liability arising out of a June 2024 collision on Lake Michigan between the petitioner's vessel and another boat. Dkt. No. 1. The petitioner also filed a motion asking the court to approve an *ad interim* stipulation of value, stipulation for costs and *ad interim* security; to issue a monition directing all potential claimants to join this action; and to issue an injunction staying prosecution of any claim arising from, or related to, the incident. Dkt. No. 3. The court denied that motion without prejudice because the petitioner's stipulation did not include a letter of undertaking guaranteeing the payment of any obligations that might arise from this case. Dkt. No. 8 at 4.

      On May 16, 2025, the petitioner filed an amended motion and stipulation. Dkt. Nos. 9, 10. The petitioner also deposited $84,722.70—an amount the petitioner asserts reflects the value of the vessel—with the court to serve as security for any claims in the case. Dkt. No. 10 at 2. The Clerk of

1

Court has placed that deposit in an interest-bearing account in accordance with Federal Rule of Civil Procedure 67.

As the court previously stated, the Limitation Act and Supplemental Rule F of the Federal Rules of Civil Procedure govern the procedures for limitation actions. A petitioner must deposit with the court "an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security." 46 U.S.C. §30529(b)(1)(A); Fed. R. Civ. P. Supp. R. F(1). A petitioner can satisfy this obligation in three ways: "1) physically surrendering the vessel and pending freight to a trustee; 2) depositing cash equal to the amount of the owner's interest in the vessel and pending freight with the court; or 3) posting approved security." In re Nat'l Maint. & Repair, Inc., Case No. 09-CV-671, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) (citing N.Y. Marine Managers, Inc. v. Helena Marine Serv., 758 F.2d 313, 317 (8th Cir.1985)). Once a petitioner complies with these requirements, the Limitations Act authorizes the court to stay all proceedings against the petitioner related to the matter in question and to direct all potential claimants to file their claims against the owner in district court within a specified period. Fed. R. Civ. P. Supp. R. F(3), (4). The court finds that the petitioner's deposit of $84,722.70 satisfies Rule F's requirement. The court will grant the petitioner's amended motion.

The court **GRANTS** the petitioner's amended motion. Dkt. No. 9.

The court **APPROVES** the petitioner's amended *ad interim* stipulation of value and costs and *ad interim* security in the form of deposit with the court.

2

Case 2:24-cv-01670-PP   Filed 07/08/25   Page 2 of 4   Document 11

Dkt. No. 10. The court **APPROVES** the proposed second amended monition and the second amended notice of monition. Dkt. Nos. 9-2, 9-3.

The court **ORDERS** that the amended *ad interim* stipulation for the value of the petitioner's interest in the vessel for no more than $84,722.70, including costs of court and interest at the rate of six percent (6%) per annum from date of this order, is accepted.

The court **ORDERS** that the petitioner and any claimant may contest the value of the petitioner's interest in the vessel as fixed in the *ad interim* stipulation.

The court **ORDERS** that if the amount of the *ad interim* stipulation is not contested by any claimant in this case, the stipulation shall stand as a stipulation for value and an appraisal will not be required.

The court **ORDERS** that a Second Amended Monition shall issue against all persons or corporations claiming damage for any and all loss, destruction, damage, personal injuries, and/or destruction related to the incident in the petition, and that any claimants must file their respective claims with the court and to serve copies on counsel for the petitioner on or before **August 31, 2025**. All claimants must file an answer to the petition in this court and must serve copies on counsel for the petitioner.

The court **ORDERS** that a public notice of the Second Amended Monition must be given by publication as required by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the

3

Eastern District of Wisconsin, once each week for four successive weeks in the "Racine Journal Times" prior to the date fixed for the filing of claims. Not later than the date of the second weekly publication, the petitioner must mail a copy of the notice to every person or corporation known by the petitioner to have a claim arising out of the incident described in the petition.

The court **ORDERS** that any litigation in any other court of any claim arising out of or connected with the incident set forth in the petition is **STAYED** until the final determination of this case.

The court **ORDERS** that the service of this order as a restraining order may be made in the usual manner as any other district of the United States by delivery of a certified copy of this order on the person or persons to be restrained or to their respective attorneys, or alternatively, by mailing a conformed copy of it to the person or persons to be restrained or to their respective attorney.

Dated in Milwaukee, Wisconsin this 8th day of July, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:24-cv-01670-PP    Filed 07/08/25    Page 4 of 4    Document 11