UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF THE PETITION
OF ESTATE OF MICHAEL H. POLASKI,

                Petitioner.

Case No. 24-cv-1670-pp

**ORDER GRANTING MOTION TO VACATE AND EXTEND TIME TO ANSWER (DKT. NO. 23) AND GRANTING IN PART MOTION FOR DEFAULT JUDGMENT (DKT. NO. 21)**

On December 30, 2024, the petitioner filed a petition for exoneration from or limitation of liability arising out of a June 2024 collision on Lake Michigan between the petitioner's vessel and another boat. Dkt. No. 1. The petitioner seeks a default judgment against all potential claimants. Dkt. No. 21. Potential claimants Kacy Oberg, Kathleen Adams, Rebecca Hartley, James Hartley and minors B. D. C., L. H., E. H., L. D. and B.O. (the "claimants") seek to vacate the entry of default and to answer the petition. Dkt. No. 23. The court will allow the claimants to file a late claim and will grant default judgment against all other non-appearing claimants.

I.    **Background**

The claimants and the petitioner submitted declarations laying out the timeline of events leading up to these motions. See Dkt. Nos. 25, 27. The parties agree on the basic sequence of events. The claimants allege that they were injured in the June 23, 2024 collision between the petitioner's vessel and a boat carrying the claimants. Dkt. No. 24 at 1. In July 2024, the claimants

1

sent the petitioner a written notice of claims for personal injuries and filed claims in the petitioner's probate case. Id. at 1–2.

On December 30, 2024, the petitioner filed this petition for exoneration from or limitation of liability arising out of the incident. Dkt. No. 1. The petitioner also filed a motion asking the court to approve an *ad interim* stipulation of value, stipulation for costs and *ad interim* security; to issue a monition directing all potential claimants to join this action; and to issue an injunction staying prosecution of any claim arising from, or related to, the incident. Dkt. No. 3. The petitioner asked the court to set a claim deadline of March 1, 2025. Dkt. No. 3-2 at 1.

On March 5, 2025, the petitioner's counsel, Attorney Raven Jelinske, contacted Attorney Geoffrey Wilber and asked whether he was authorized to accept service on behalf of the claimants. Dkt. No. 25 at ¶3. During a phone conversation two days later, Attorney Wilber agreed to accept service of the documents. Id. at ¶4. Attorney Wilber asserts that the petitioner's counsel "agreed to send [him] the recent filings and answer any questions [he] may have regarding the filings and what was required of [his] office in order to preserve [his] clients' claims given [his] limited knowledge of admiralty law." Id. Attorney Jelinske then emailed to Attorney Wilber the petition, original motion and proposed monition filed in December 2024. Dkt. No. 25 at ¶5. The claimants filed a separate personal injury case in Racine County Circuit Court for injuries arising out of the incident. Dkt. No. 24 at 3. On March 24, 2025,

Attorney Wilber emailed Attorney Jelinske asking for clarification on the claim deadline, but Attorney Jelinske did not respond. Dkt. No. 25 at ¶6.

Two days later, the petitioner filed a new proposed monition in this federal case and changed the requested claim deadline from March 1, 2025 to July 1, 2025. Dkt. Nos. 5, 5-2 at 1. Attorney Wilber asserts that the petitioner did not inform him of the filing despite their purported service agreement. Dkt. No. 25 at ¶7. Attorney Wilber states that he emailed Attorney Jelinske again on April 1, 2025 asking about the status of the case; Attorney Jelinske responded that the petitioner had renewed its motion and that she "[would] advise if/when action is taken on the motion and what new dates are provided by the Court." Id. at ¶¶8–9.

On May 13, 2025, the court denied without prejudice the petitioner's motions because the petitioner failed to include an approved form of security with its *ad interim* stipulation. Dkt. No. 8. Shortly afterward, the petitioner filed a second amended motion, dkt. no. 9, and deposited security with the court, dkt. no. 10. The second amended motion asked the court to set a claim deadline of August 31, 2025. Dkt. No. 9-2 at 1.

On July 8, 2025, the court granted the second amended motion and issued a monition ordering any individuals claiming damages related to the incident to file a claim with the court on or before August 31, 2025. Dkt. No. 11 at 3. The court ordered that the petitioner must publish notice of the monition in the Racine Journal Times and must mail a copy of the notice to every potential claimant known to the petitioner. Id. at 3–4.

On July 21, 2025, Attorney Jelinske emailed Attorney Wilber with a link to all the documents filed in this federal case and informed him that the court had issued a stay and monition. Dkt. No. 25 at ¶10. The petitioner submitted an affidavit confirming that the documents were served on Attorney Wilber, dkt. no. 14, and published in the Racine Journal Times between July 21, 2025 and August 15, 2025, dkt. nos. 12, 16. No claims were filed by the August 31, 2025 deadline.

On September 19, 2025, the petitioner asked the clerk to enter default against all potential claimants, dkt. nos. 19, 20, and the clerk did so shortly afterward. On October 27, 2025, the petitioner filed a motion for default judgment. Dkt. No. 21.

On November 19, 2025, Attorney Wilber filed a notice of appearance on behalf of the claimants. Dkt. No. 22. The claimants filed a motion to vacate the entry of default and to extend the time to answer the petition. Dkt. No. 23. Attorney Wilber states that he reviewed all the documents Attorney Jelinske sent to him in the July 21, 2025 email, but claims that the hundred-page packet of documents was "voluminous" so he "failed to see" that there was a signed and issued Second Amended Monition among the documents. Dkt. No. 25 at ¶16. Attorney Wilber asserts that he "was under the mistaken belief that the Court would be sending out the Second Amended Monition advising the Claimants' of their deadline to answer the Petition and file claims, not Petitioner's counsel." Id. Attorney Wilber says that he "did not find it unusual" that he did not initially find a signed monition among the papers because of the

"multiple procedural errors in the Petitioner's prior filings." Id. at ¶17. He apparently "first became aware of the mistake" when he looked up the status of this case on PACER. Id. at ¶17. Attorney Wilber states that he did not receive notice or a copy of any other document filed in this case, including the request for entry of default or motion for default judgment. Id. at ¶¶12–15.

## II. Motion to Vacate Entry of Default

### A. The Parties' Arguments

The claimants argue that the court should vacate the entry of default against the minor claimants because it violates Federal Rule of Civil Procedure 55. Dkt. No. 24 at 6. They argue that the court can grant default judgment against a minor only if the minor is represented by a guardian or conservator and, if the minor has appeared in the case, only after written notice to the representative. Id. The claimants assert that the minor claimants are not represented and have not received notice of the default judgment, so the court must vacate the entry of default for lack of notice. Id. at 6–7.

The claimants argue that the court should deny the motion for default judgment against all claimants because the petitioner did not properly serve the petition and monition. Id. at 7. They argue that the "oral agreement" between the lawyers to accept service on behalf of the claimants did not comply with Federal Rule of Civil Procedure 4, and that there is "no evidence that this waiver of service, even if valid, applied to anything other than the initial documents filed by the Petitioner." Id. The claimants assert that Attorney Wilber did not provide a "blanket acceptance of service for the entirety of the

5

case." Id. They argue that upon receiving notice of the federal case, the claimants filed a personal injury claim in state court, indicating that they did not agree to proceed in federal court. Id. They argue that the petitioner did not even follow the purported service agreement because it failed to serve documents that were filed between March 7, 2025 and July 21, 2025, nor did it serve documents filed after the August 31, 2025 claim deadline. Id. at 7–8. The claimants argue that Attorney Wilber did not confirm that he still was accepting service for the claimants when he received the second amended monition from the petitioner. Id. at 8.

The claimants argue that even if the court finds Attorney Wilber's purported waiver agreement was valid, it should decline to enforce it because the petitioner did not comply with the agreement. Id. at 9. They assert that Attorney Wilber agreed to accept service in exchange for information from the petitioner's counsel about what was required to preserve the claimant's claims. Id. According to the claimants, the petitioner did not provide any advice to Attorney Wilber and did not provide him with all the documents filed in the federal case, such as the default judgment documents. Id. at 9–10.

In the alternative, the claimants argue that the court should grant them an extension of time to file a claim and answer to the petition. Id. at 10. They argue that the court should freely grant permission to file late claims so long as the proceeding is ongoing and it will not prejudice other parties. Id. at 10–11 (quoting Alter Barge Line, Inc. v. Consol. Grain & Barge Co., 272 F.3d 396, 397 (7th Cir. 2001)). According to the claimants, they need not show that there was

6

good cause for their failure to timely file a claim, but that any "cause," including simple negligence, is sufficient. Id. at 11. The claimants argue that Attorney Wilber's "oversight" of the issued second amended monition meets this minimal showing of cause. Id. at 11–12.

The petitioner responds that the claimants have not established good cause to set aside the entry of default. Dkt. No. 26 at 8. It argues that Attorney Wilber expressly waived service of the complaint on behalf of all the claimants, including the minor claimants, without limitation. Id. It asserts that Attorney Wilber is the minor claimants' guardian *ad litem* in the state court personal injury case, further establishing that he is their proper representative for legal matters. Id. The petitioner argues that the claimants cannot rescind this waiver after the fact because the petitioner relied on Attorney Wilber's representation that service was waived. Id. at 9–10. The petitioner also states that notice of the monition—including the deadline to file claims—was filed in both the probate and personal injury cases in state court, providing another avenue of notice to the claimants. Id. at 9 n.3.

The petitioner contends that it had no obligation to serve the claimants with its motions for approval of an *ad interim* stipulation of value, stipulation for costs and *ad interim* security. Id. at 10. According to the petitioner, such motions are customarily presented *ex parte* because the court must approve the stipulation of value, costs and security before it can issue a notice and monition to potential claimants. Id. at 10–11 (citing Complaint of N. Lubec Mfg. & Canning Co., 647 F. Supp. 1132, 1134 (D. Me. 1986)). The petitioner argues

7

that the issuance of the monition triggers the petitioner's obligations to notify potential claimants. Id. at 11.

The petitioner maintains that any further service obligations ended on September 1, 2025, because the claimants did not timely file a claim in the federal case and thus became nonparties to the action. Id. at 12. It asserts that Federal Rule of Civil Procedure 55(b)(2) requires that it serve a motion for default or default judgment on a party or representative who has appeared. Id. The petitioner asserts that the claimants had not appeared in the federal case and were not parties to the case when it filed the motion for default judgment, so there was no obligation for the petitioner to serve them with the motion. Id. The petitioner asserts that once the claimants apparently declined to file a claim against the estate, there was no obligation for the petitioner to treat them as potential parties. Id. at 13.

The petitioner contends that Attorney Wilber's inexperience with maritime law does not constitute good cause to set aside the default. Id. at 14. It asserts that the monition clearly stated that any claims must be filed by August 31, 2025, and that Attorney Wilber's failure to comply with this deadline due to confusion is doubtful. Id. at 14–15. The petitioner asserts that its attorneys never offered legal advice to Attorney Wilber, nor did Attorney Wilber reach out to them with questions about the filings. Id. at 15.

The petitioner argues that the claimants have not established that they acted quickly to correct the default or established that they have a meritorious defense to the petition. Id. at 15–16. It argues that the claimants were aware of

8

Case 2:24-cv-01670-PP  Filed 02/24/26  Page 8 of 13  Document 29

this case as early as March 2025 yet did not file an appearance or claims until November 2025, nearly two months after the entry of default. Id. at 16. The petitioner argues that there is no meritorious defense to the complaint because the boat's titled owner, Michael Polaski, died several months before the incident, so his estate cannot be liable for any personal injuries. Id. at 17.

The claimants did not file a reply in support of their motion.

B.   Legal Standard

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause." A moving party bears the burden of establishing: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Wehrs v. Wells, 688 F.3d 886, 890 (7th Cir. 2012). The Seventh Circuit has explained that the test should be applied "liberally" in the Rule 55(c) context, because of the "policy of favoring trial on the merits over default judgment." Cracco v. Vitran Exp. Inc., 559 F.3d 625, 630-31 (7th Cir. 2009) (citing United States v. DiMucci, 879 F.2d 1488, 1495 (7th Cir. 1989)).

C.   Analysis

The claimants first argue that the court must vacate the entry of default must against the minor claimants. This is a misreading of Federal Rule of Civil Procedure 55(a), which governs the entry of default, allows the clerk to enter default against any party who has failed to plead or otherwise defend. Rule 55(b), which governs the entry of a *default judgment*, has limitations on when a default judgment may be entered against a minor. The court has not yet

9

entered a default judgment. The rule did not prohibit the clerk from entering default against the minor claimants.

The claimants' primary argument in support of setting aside the entry of default against all claimants is that they were not properly served with the complaint, the monition or other documents in the federal case. The claimants repeatedly assert that Attorney Wilber's verbal waiver of service is insufficient under Fed. R. Civ. P. 4. But the petitioner was not required to comply with Rule 4 because this action was brought under the Limitation of Liability Act. Under Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the petitioner was required to notify potential claimants of this petition only after the court issued a notice to the potential claimants of the deadline to file their claims. Fed. R. Civ. P. Supplemental R. F(4). Rule F(4) directs that the petitioner must publish the notice in the newspaper as the court directs, and "shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." Rule F does not state that personal service as defined in Rule 4 must be made on the potential claimants. It allows for service by publication and by mail. The record shows that the petitioner published the notice in the Racine Journal Times as directed by the court and that the petitioner sent the notice to the claimants' counsel via both mail and email. That is sufficient under Rule F. See Matter of Nordin, No. 19-CV-25, 2019 WL 4696318, at *3 (E.D.N.Y. Sept. 26, 2019) (default judgment may be entered against any potential claimant who has failed to

10

timely file a claim "provided that the notice complies with the rules and is: 1) sent to every person known to have made any claim against the vessel at issue; and 2) published in a newspaper once a week for four consecutive weeks prior to the date fixed for the filing of claims." (citation omitted)).

But the court also must address the claimants' alternative request for an extension of time to file a claim. The Seventh Circuit has stated that "late claimants in admiralty proceedings need not show 'good cause.'" Alter Barge Line, Inc. v. Consol. Grain & Barge Co., 272 F.3d 396, 397 (7th Cir. 2001) (citations omitted). "[T]he 'cause' required in this context is minimal; an explanation rather than a justification for the delay will suffice." Id. Attorney error, including an attorney's unfamiliarity with the law, can constitute "cause" justifying a late filing. Id. (citing In re Vermillion Towing Corp., 227 F. Supp. 933, 934 (E.D. Va. 1964) (attorney unfamiliar with admiralty law)). In Alter, the petitioner moved for a default judgment against all unfiled claims; the claimant filed a motion for leave to file a late claim shortly afterward. Id. The district court denied the motion and entered default. Id. The Seventh Circuit reversed, finding that the claimant's "attorney error" was sufficient cause to allow a late claim. Id. Here, the claimants have established "cause" in the form of Attorney Wilber's negligence. Although that may not qualify as *good* cause, the court must follow the Seventh Circuit's direction and accept that attorney error is sufficient cause.

"When a claimant shows cause, courts must 'freely grant[]' permission to file late claims so long as the limitation proceeding is ongoing and the late

11

claim will not prejudice other parties." Alter Barge, 272 F.3d at 397–98 (quoting Amer. Comm. Lines, Inc. v. United States, 746 F.2d 1351, 1353 (8th Cir. 1984)). This limitation proceeding is ongoing, and the petitioner has not argued that it will be prejudiced if the court allows the claimants to file a late claim. The court will grant the claimants leave to file their claim late. The claimants must file a claim and answer by the deadline the court will set below.

### III. Motion for Default Judgment

The petitioner seeks a default judgment against all potential claimants who have not appeared and filed a claim in the action. Dkt. No. 21. Although the court is giving the claimants an extension of time by which to file a claim, the court still may enter default judgment against all other potential claimants who have not appeared. See Matter of Nordin, 2019 WL 4696318, at *3 (entering default judgment against all potential claimants besides those who had appeared). As discussed above, the petitioner properly notified the known potential claimants and issued a public notice in the Racine Journal Times for the required notice period. Because the petitioner complied with the procedure set out in Supplemental Rule F, default judgment against non-appearing potential claimants is proper. See Matter of Raw Marine, Inc., No. 9:18-CV-80059, 2018 WL 11229123, at *2 (S.D. Fla. May 10, 2018) (granting default judgment because "Petitioner has established that it has complied with all relevant rules and statutes, and is entitled to default judgment against all claimants who failed to timely file a claim").

## IV. Conclusion

The court **GRANTS** the claimants' motion to vacate entry of default and enlarge time to answer. Dkt. No. 23.

The court **ORDERS** that the claimants must file a claim and answer by the end of the day on **March 27, 2026**.

The court **DENIES** the petitioner's motion for default judgment against the claimants but **GRANTS** the motion as to all other potential claimants. Dkt. No. 21. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 24th day of February, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**